ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

UNITED STATES OF AMERICA,

               Plaintiff,

v.

VILLAGE OF PORT CHESTER,

               Defendant.

---------------------------------x

JUDGE ROBINSON

COMPLAINT

06 CV 15173

The United States of America alleges as follows:

**Preliminary Statement**

1.     The United States of America brings this action against the Village of Port Chester ("Port Chester") pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 and 42 U.S.C. § 1973j(d). As set forth below, the United States alleges that the current at-large system for electing the members of the Port Chester Board of Trustees results in Hispanic citizens having less opportunity than white citizens to participate in the political process and to elect candidates of their choice to the Port Chester Board of Trustees.

**Jurisdiction and Venue**

2.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f). Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 prohibits the enforcement of any voting qualification or prerequisite to voting or any standard, practice or procedure that results in the denial or abridgement of the right to vote on account of race, color, or membership in a language minority group.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because Port Chester is situated in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Parties**

4. Plaintiff is the United States of America.

5. Defendant Port Chester is a political and geographical subdivision of the State of New York, County of Westchester.

**Facts**

6. According to the 2000 Census, the total population of Port Chester is 27,867, of whom 12,884 (46.2 percent) are Hispanic, 11,934 (42.8 percent) are non-Hispanic white, and 1,841 (6.6 percent) are black.

7. According to the 2000 Census, the voting age population of Port Chester is 21,600, of whom 9,362 (43.3 percent) are Hispanic, 9,991 (46.3 percent) are non-Hispanic white, and 1,349 (6.2 percent) are black.

8. According to the 2000 Census, the citizen voting age population of Port Chester is 13,989, of whom 3,068 (21.9 percent) are Hispanic, 9,160 (65.5 percent) are non-Hispanic white, and 1,245 (8.9 percent) are black.

9. The Port Chester Board of Trustees is composed of seven members, consisting of six Trustees and the Mayor. The Trustees are elected at large by all the voters in Port Chester, and serve three-year, staggered terms.

10. The Hispanic population of Port Chester is sufficiently numerous and geographically compact that a properly apportioned single-member district plan for electing the

Board of Trustees can be drawn in which Hispanics would constitute an effective majority in one of six districts.

11. Ethnically and racially polarized voting patterns prevail in elections for the Port Chester Board of Trustees as well as in elections for other local offices.

12. Hispanic voters almost always vote cohesively for the candidate they prefer, and the white majority usually votes sufficiently as a bloc to defeat the Hispanic preferred candidate.

13. No Hispanic has ever been elected to the Port Chester Board of Trustees.

14. No Hispanic has ever been elected to the Port Chester Board of Education (the "School Board").

15. Hispanic candidates competing for positions other than Trustee of the Village of Port Chester and Port Chester School Board Member have consistently failed to receive the support of a plurality or a majority of Port Chester's voters.

16. New York State and Westchester County have a history of official discrimination against Hispanics relating to voting and other areas such as employment, education, and health.

17. Port Chester's Hispanic citizens bear the socioeconomic effects of historic discrimination in employment, education, health, and other areas, and their depressed socioeconomic status hinders their ability to participate in the electoral process on an equal basis with whites.

18. The Port Chester Board of Trustees employs voting practices or procedures such as staggered elections that enhance the discriminatory effects of the at-large election method.

19. Political party procedures used to nominate candidates for the Port Chester Board of Trustees disadvantage candidates preferred by Hispanic voters.

20. Certain recent local political campaigns have been characterized by overt or subtle racial appeals.

## Claim for Relief

21. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-20.

22. Port Chester's at-large method of electing its Board of Trustees is not equally open to participation by Port Chester's Hispanic voters, in violation of Section 2 of the Voting Rights Act. Further, the at-large method results in Hispanic voters having less opportunity than white voters to participate in the political process and to elect representatives of their choice.

23. Unless enjoined by order of this Court, Defendant will continue acting in violation of Section 2 of the Voting Rights Act by administering, implementing, and conducting future elections for the Port Chester Board of Trustees using an at-large method of election.

## Prayer for Relief

WHEREFORE, the United States of America requests that this Court enter an order:

(a) declaring that the at-large method of electing members to the Port Chester Board of Trustees violates Section 2 of the Voting Rights Act;

(b) enjoining the Defendant, its agents and successors in office, and all persons acting in concert with any of them, from administering, implementing, or conducting any future elections for the Port Chester Board of Trustees under the at-large method;

(c) ordering the Defendant to devise an election plan, and implementation schedule for that plan, that remedies the Section 2 violation. If the Defendant fails to devise such a plan, the Court should order into effect a new election plan of its

own designed to remedy the Section 2 violation, and order elections to be held pursuant to that plan as promptly as possible; and

(d)  Granting such additional relief as the interests of justice may require.

ALBERTO GONZALES
Attorney General

Dated: New York, NY
December 15, 2006

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: /s/
DAVID J. KENNEDY (DK-8307)
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2733
Fax No.: (212) 637-2686
david.kennedy2@usdoj.gov

/s/
WAN J. KIM
Assistant Attorney General
Civil Rights Division

/s/
JOHN TANNER
Chief, Voting Section

/s/
CHRISTOPHER COATES
Principal Deputy Chief, Voting Section
ROBERT POPPER
Special Counsel
AVNER SHAPIRO
Trial Attorney, U.S. Department of Justice
Civil Rights Division, Room 7274-NWB
950 Pennsylvania Avenue, Washington, D.C. 20530
(202) 305-1840 (phone), (202) 307-3961 (facsimile)
avner.shapiro@usdoj.gov
Attorneys for the United States of America