UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
:
UNITED STATES OF AMERICA,                         :
                                                  :
        Plaintiff,                               :   06 Civ. 15173 (SCR)
                                                  :
    -against-                                    :   **MEMORANDUM DECISION**
                                                  :   **AND ORDER**
VILLAGE OF PORT CHESTER,                          :
                                                  :
        Defendant.                               :
——————————————————————X

STEPHEN C. ROBINSON, U.S. District Judge:

### I.    BACKGROUND

    On March 1, 2007, Cesar Ruiz ("Ruiz" or "Intervenor"), a Hispanic citizen and resident of the Village of Port Chester (the "Defendant" or the "Village"), filed an Order to Show Cause, through which he seeks to intervene as a party plaintiff in the above-captioned matter pursuant to Rule 24 of the Federal Rules of Civil Procedure. The following day, this Court granted a preliminary injunction which prevented the Village from holding its election for two seats on its Board of Trustees as scheduled on March 20. For the purposes of this decision, familiarity with the facts and circumstances of that decision and all prior proceedings in this matter is presumed. On March 8, the parties appeared for oral argument, at which time Defendant objected to Ruiz's motion to intervene; Plaintiff United States (the "Plaintiff" or the "United States") took no position with respect to the Ruiz motion.

    Ruiz is a former candidate for the Board of Trustees in the Village, and has indicated his intention to run for a Trustee position again in the future if the Village moves to a district-based system of representation. He has put forward a proposed Complaint alleging that the Village violates Section 2 of the Voting Rights Act; the facts underlying the Ruiz Complaint and Ruiz's



desired relief are virtually identical to those described in the pleadings of the United States in this matter. According to his counsel, Ruiz is most interested in participating in crafting the potential remedy should this Court find for Plaintiff following the scheduled trial on the merits. During oral argument on this motion, Ruiz revealed several potential motivations for his prospective involvement, including, but not limited to: (a) his own self-interest in where his residence would be located within any potential district boundaries, an interest this Court does not find particularly compelling; and (b) a concern that the United States might be willing to settle for a distribution of Hispanic citizens of voting age that might not be in line with the preferences of Ruiz and other Hispanic citizens of the Village.

## II.     ANALYSIS

Rule 24(b) of the Federal Rules of Civil Procedure permits an applicant to intervene upon timely application and at the discretion of the court "when an applicant's claim or defense and the main action have a question of law or fact in common," though the court is required to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." In addition to the aforementioned requirements of Rule 24(b), the Second Circuit has considered additional factors in deciding whether permissive intervention is appropriate, though none have been deemed dispositive. Those factors include: (1) whether the applicant will benefit by intervention; (2) the nature and extent of the intervenors' interests; (3) whether their interests are adequately represented by the other parties; and (4) whether parties seeking intervention will significantly contribute to full development of factual issues and to the equitable adjudication of the legal questions presented. See United States Postal Service v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978).

Ruiz meets the requirements for permissive intervention set forth in Rule 24(b) and by the Second Circuit.[1] As a threshold matter, despite Defendant's protestation to the contrary, Ruiz's motion to intervene was filed at an appropriate time. First, as noted in the declaration of Richard E. St. Paul, Ruiz's counsel spoke with counsel for both parties to this lawsuit in early January to determine if the parties would object to Ruiz's intervention. Upon learning that Defendant did plan to object, counsel for Ruiz opted to wait to file for intervention until after the conclusion of the preliminary injunction hearing, a responsible decision which allowed a critical substantive stage of this matter to proceed as expeditiously as possible. This Court will not hold that decision regarding timing against Ruiz at this point.

A basic reading of Ruiz's complaint reveals that virtually all questions of law and fact raised by Intervenor have also been raised by the United States; accordingly, there can be no doubt that there are questions of law and fact in common between the parties and the Intervenor, as required by Rule 24(b). In addition, the most important consideration of Rule 24(b) is whether intervention will "unduly delay or prejudice the adjudication of the rights of the original parties," and Defendant has not provided any compelling argument to suggest that it would be unduly prejudiced by Ruiz's participation. Specifically, Intervenor's counsel made clear at oral argument that he has no intention of prolonging the bench trial currently scheduled to commence on May 21, 2007, or otherwise disrupting the schedule established by the Court in conjunction with the current parties.

As to the factors enumerated by the Second Circuit, this Court believes that Ruiz may very well benefit from intervention, and that his interests are sincere and legitimate. There is at least some question whether the United States will represent all of the interests Ruiz seeks to

---

[1] Because the Rule 24(b) analysis is dispositive here, it is not necessary for this Court to address the question of whether Ruiz is entitled to intervene as of right under Rule 24(a).

protect, and it is more likely than not that Ruiz and his counsel will contribute to the equitable resolution of this matter. Accordingly, for all of the aforementioned reasons, Ruiz's motion to intervene as a party plaintiff in this action is GRANTED.

## III.   CONCLUSION

For the reasons discussed above, Defendant's motion to intervene as a party plaintiff in this action is GRANTED.

IT IS SO ORDERED.

Dated: _April 6_, 2007

White Plains, New York

_____
Stephen C. Robinson
United States District Judge