UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA
and CESAR RUIZ,                                          **CONSENT DECREE**

          Plaintiffs,

    v.                                                  06 Civ. 15173 (SCR)

VILLAGE OF PORT CHESTER,
                                                         ECF CASE
          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, this Consent Decree ("the Decree") represents the parties' commitment to ensure that all citizens of the Village of Port Chester ("Port Chester") have an equal right to full electoral and political participation, including Hispanic and Spanish-language citizens;

WHEREAS, Port Chester intends to fully implement this Decree as part of its ongoing efforts to ensure all voters equal access to the polls regardless of race or ethnic origin;

WHEREAS, the United States of America filed this action against the Village of Port Chester pursuant to Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, on December 15, 2006, and the Court granted the motion of Plaintiff Intervenor Cesar Ruiz to intervene on April 6, 2007;

WHEREAS, by Decision and Order dated January 17, 2008, the Court found that the Village of Port Chester's at-large method of election violates Section 2 of the Voting Rights Act and prevents Hispanic voters from participating equally in the electoral process (the "Liability Decision");

USDC SDNY
DOCUMENT

WHEREAS the Court, in the Liability Decision, relied on the official history of discrimination in Port Chester, including Port Chester's lack of required Spanish language assistance at the polls and incidents of Hispanic voters being turned away from the polls;

WHEREAS, Port Chester, as a political subdivision of Westchester County, is covered under Section 203 of the Voting Rights Act, as amended, 42 U.S.C. § 1973aa–1a, which coverage requires that "Whenever [Port Chester] . . . provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language."    42 U.S.C. § 1973aa–1a(c);

WHEREAS, by Order dated November 6, 2009, the Court ordered Port Chester to implement cumulative voting as an election scheme to remedy the Section 2 violation (the "Remedy Order");

WHEREAS, the Court has required a "full education plan" to ensure the success of the cumulative voting program; and

WHEREAS, the Court in its Remedy Order directed the parties to submit a plan that includes "the form, format, schedule for providing voter education; bilingual poll officials; Spanish-language materials; practice voting; and the duration of such outreach efforts";

NOW, THEREFORE, in resolution of this matter, and with agreement of all parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## DEFINITIONS

(a)     At-large method of election: A system of voting in which all registered voters in the political jurisdiction may vote for all of the political representatives.    Each voter is

2

given as many votes as there are positions to be filled, and each voter is allowed to cast no more than one vote for any particular candidate.

(b)     Cumulative voting: A modified at-large method of election in which each voter is given as many votes as there are positions to be filled, and each voter is allowed to cast all votes for one candidate or distribute votes in any way among the candidates.

(c)     Fail Safe Voting: A procedure to allow an affidavit ballot to be cast by an individual claiming but not confirmed to be a qualified registered voter, which ballot is then preserved for later determination as to whether it is to be counted.

(d)     Early Voting: Voting process by which voters can cast their ballot on a single or series of days prior to an election.

## I.     JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f).

2.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## II.     INJUNCTION

3.      The Village of Port Chester, its agents and successors in office   (collectively "Defendants"), and all persons acting in concert with any of them, is hereby enjoined from administering, implementing, or conducting any future elections for the Port Chester Board of Trustees under the traditional winner-take-all at-large method.   This injunction does not apply to the election of the Mayoral office.

## III.     REMEDY

4.      Defendants shall use cumulative voting as the method for electing the Board of

3

Trustees for the Village of Port Chester.   In all subsequent Trustee elections, all six positions on the Board of Trustees shall be open for election at the same time.   The ballot shall permit voters to cast six votes in the election.   A voter may cast all six votes for one individual, the voter may cast one vote each for six different individuals, or the voter may cast multiple votes for some candidates and single votes for others as long as the total number of votes cast do not exceed six.

The parties will submit to the Court an addendum to the Decree by February 1, 2010 concerning the specific details of ballot design and layout and concerning what voting machines, if any, will be used in the Village of Port Chester Board of Trustees elections.

5.     The first election for the Board of Trustees using cumulative voting shall be held on June 15, 2010.   The term of office for the Board of Trustees shall be for three years with the exception of those elected in the first election, for which the term of office will be for two years and nine months.   The election for the Board of Trustees following the June 15, 2010 election shall be held in March 2013.   Nothing in this Decree shall prevent the Village of Port Chester from changing the terms of office for Trustee or Mayor as set forth in the Village Charter.

## IV.     VOTER EDUCATION PROGRAM

6.     Defendants shall implement a cumulative voting system designed to be accessible to all registered voters in the Village of Port Chester.   Defendants agree to implement the Voter Education Program ("VEP") attached as an Appendix to this Decree.

## V.     BILINGUAL ASSISTANCE

7.     Defendants shall make all phases of the election process as accessible to the Hispanic and Spanish-language citizens within Port Chester as they are to the remainder of the Village's population.   Accordingly, Defendants shall provide information, publicity, and

4

assistance in the Spanish language regarding all aspects of the electoral process, including but not limited to voter registration, voter registration cancellation, absentee voting, early voting, cumulative voting, fail safe voting, procedures at the polls including translation of the ballot, and training of polling officials and translators as outlined in the attached VEP.

## VI. FEDERAL ELECTION OBSERVERS

8.     To assist in the effectiveness of this Decree and to ensure the continued enforcement of the voting guarantees of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the Constitution, the Village of Port Chester shall be designated for federal observers pursuant to Section 3(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(a). The Village of Port Chester recognizes the authority of federal observers to observe all aspects of the voting process conducted in the polls on election day for the term of the Decree, including assistance to voters in the voting booth provided that the voter does not object to being observed.

## VII. PRECLEARANCE REQUIREMENTS

9.     To allow the Village of Port Chester to make changes to the VEP or certain other election related changes, the Village of Port Chester is designated pursuant to Section 3(c) of the Voting Rights Act, 42 U.S.C. § 1973a(c), for the duration of the Decree. The Village of Port Chester may implement changes or amendments to the VEP or change other voting procedures only after obtaining prior clearance from the Attorney General of the United States or this Court pursuant to Section 3(c). Other voting procedures include any changes in polling places or election districts within the Village of Port Chester, and state-mandated changes affecting voting machines. The Village of Port Chester's attorney shall notify counsel for the United States and

5

Plaintiff-Intervenor within fourteen days of notification to the Village of Port Chester by the Secretary of State of any state-mandated changes regarding voting machines, and provide to the United States and Plaintiff-Intervenor a copy of the pertinent statute, regulation, or order.

## VIII.    TERM OF THIS DECREE

10.    This Decree with the accompanying VEP shall remain in effect through June 22, 2016 or three election cycles, whichever is longer.  If the United States or Plaintiff-Intervenor seeks to vacate the Decree upon a showing that the cumulative voting program has failed to cure the violation of Section 2 of the Voting Rights Act, any such application by the United States or Plaintiff-Intervenor shall be filed within 60 days of any Trustee election.  If the Court does not grant any such application by the United States or Plaintiff-Intervenor, this Decree shall remain in place through the next three Trustee elections and expire three months after the last Trustee election.  If the Trustee's terms of office remain three years, the Decree would expire on June 22, 2016.

11.    Judgment shall not be entered in this case prior to August 15, 2010.  The Court shall retain jurisdiction through three election cycles, or June 22, 2016 using the Trustee's current terms of office, to enter further relief or such other orders as may be necessary to effectuate the terms of this Decree and to ensure compliance with Section 2 of the Voting Rights Act.

## IX.    EARLY VOTING

12.    The Village of Port Chester shall allow for early voting for the term of this Decree.  Registered voters shall be permitted to cast their ballot during the one week period beginning the Monday eight (8) days prior to election day and continue through the Saturday

6

three (3) days prior to election day.   The parties will submit to the Court an addendum to the Decree by February 1, 2010 concerning the location(s) and hours of early voting. Notification of early voting will occur in English and Spanish as explained in the VEP.

## X.    ELECTION DAY ISSUES

13.    Fail Safe Voting.  Affidavit ballots shall be used when a voter's name has been omitted from the poll book. The voter must swear that they are a registered voter and provide a current address. If the voter's address is in the election district in which the voter has presented himself or herself but no registration poll record can be found for the voter, the inspector shall offer such voter the opportunity to cast an affidavit ballot if the voter affirms that he or she resides within the election district and is registered to vote.  The inspector shall also give every such person who does not cast an affidavit ballot, an application for registration by mail.  This provision shall be applicable in elections to be held for the duration of the Decree, and it is necessary in light of the expected increase in voter registration, including new registrants and first time voters.

14.    Counsel Present on Election Day.  In order to effectuate the goals of this Decree, the undersigned counsel and their successors shall have the authority to speak to poll workers and voters on election day as long as there is one attorney present from the Plaintiff (or Plaintiff-Intervenor) and one present from the Defendant. The Village Clerk shall promptly notify counsel upon learning of any problems with machines, ballots, voter registration hooks, voters being turned away or any other problems with voters being able to cast their votes.   Counsel shall consult with each other in order to attempt to resolve any such problems. If Counsel are unable to agree on a resolution of a problem, Counsel shall contact this Court's chambers during

7

regular business hours, or if after hours, contact Judge Robinson directly.   The Court shall make any order necessary to effectuate the intent of this Decree, including, but not limited to, extending the hours the polls shall remain open.

## XI.   MISCELLANEOUS PROVISIONS

15.   As between the United States and the Village of Port Chester, each party shall bear its own costs and attorney's fees.   As between Plaintiff-Intervenor Cesar Ruiz and the Village of Port Chester the parties will seek to resolve the issue through negotiation. Plaintiff-Intervenor Cesar Ruiz reserves the right to file a motion for an award of attorneys' fees and costs if the parties are unable to resolve the matter.   This paragraph shall not be construed as an admission or concession by the Village of Port Chester that such legal fees are warranted or the Plaintiff-Intervenor is a prevailing party.

16.   If any collateral challenge to this Decree arises in any court, Defendants shall immediately notify counsel for the United States and Plaintiff-Intervenor.

17.   Any amendments or modifications to this Decree shall be in writing and signed by each of the parties.

18.   This Decree represents the entire agreement between the parties.   Any oral representations or agreements concerning the subject matter of this Decree are of no force or effect.

8

Agreed to this __21__ day of December, 2009

AGREED AND CONSENTED TO:

For the Plaintiff,
UNITED STATES OF AMERICA:

For the Defendants,
VILLAGE OF PORT CHESTER:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____

DAVID J. KENNEDY
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2733
Fax No.: (212) 637-003̄

ANTHONY PISCIONERE
Piscionere & Nemarow, P.C.
363 Boston Post Road
Rye, New York 10580-1105

ALDO V.VITAGLIANO
ANTHONY M. CERRETO
Of Counsel for the Village of Port Chester

TIMOTHY F. MELLETT
JARED M. SLADE
Trial Attorneys, Voting Section
United States Department of Justice
– Of Counsel –

For the Plaintiff Intervenor
CESAR RUIZ:

RANDOLPH MCLAUGHLIN
78 North Broadway
White Plains, N.Y. 10603
914-422-4340

SO ORDERED:

HON. STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE

9

**APPENDIX**

**VOTER EDUCATION PLAN**

## I.   Program Coordinator

1.   Defendants shall assign one employee to act as Program Coordinator ("the Coordinator") to assist in carrying out the Defendants' obligations under this Decree.  The Coordinator shall be able to understand, speak, write, and read fluently both English and Spanish.

The Coordinator may be a full-time employee, a part-time employee or contractor hired for the purpose of carrying out the Voter Education Plan ("VEP").  All notices and information disseminated shall include a phone number at which the Coordinator can be reached to answer questions or address concerns.

2.   Defendants shall provide the Coordinator with transportation and other support suffi ient to meet the goals of the VEP.

3.   The Coordinator shall be trained by the Village Clerk and/or his or her designee in all aspects of the voting and registration process, and the Defendants' obligations under this Decree.  The Coordinator shall work under the supervision of and report directly to the Village Clerk.

4.   Under the general supervision of the Village Clerk, the Coordinator's responsibilities shall include management and implementation of all aspects of the VEP.  At no time shall the Village require the Coordinator to perform duties or obligations that will prevent the Coordinator from fulfilling the VEP obligations.  The Coordinator shall participate in the Assessment of the VEP in Exhibit A.

10

**II.    Cumulative Voting Information Dissemination/Training**

5.      Defendants shall hold six (6) general public forums in English in anticipation of the June 15, 2010 Trustee election. For subsequent elections under the Decree, Defendants shall hold four (4) general public forums on cumulative voting in English for each Trustee election. At least one forum shall be held two months prior to election day. At least one forum shall be held one month prior to the election day. At least one forum shall be held each week for the two (2) weeks leading up to election day. Not all general public forums should be held in the same location. The entire cumulative voting process shall be described in detail at each forum and presenters shall offer time at the end of the forum to answer any and all questions those in attendance may have. Each forum must allow the public to practice cumulative voting. Each forum shall be noticed in English in the local English-language newspapers and in Spanish in the local Spanish-language newspapers at least seven (7) days prior, and each notice shall indicate which forum will be conducted in English and which in Spanish. The notices shall also be posted in libraries, public assistance agencies, village offices, senior centers, civic centers and other public places, and Defendants shall use best efforts to post them in post offices and churches. Defendants shall also send notices to local radio and cable television stations. A translator shall be present at each forum, the presence and availability of such a translator will be announced at the beginning of the forum in both English and Spanish, and the translator shall provide translation in Spanish for any person requesting it.

6.      Defendants shall hold six (6) general public forums in Spanish in anticipation of the June 15, 2010 Trustee election. For subsequent elections under the Decree, Defendants shall hold   four (4) general public forums on cumulative voting in Spanish. At least one forum shall

11

be held two months prior to election day. At least one forum shall be held one month prior to election day. At least one forum shall be held each week for the two (2) weeks leading up to election day. Not all general public forums should be held in the same location. The forums shall be held in meeting places regularly attended by the Hispanic community, i.e., predominately Hispanic churches, civic organizations, etc. The entire cumulative voting process shall be described in detail at each forum and presenters shall offer time at the end of the forum to answer any and all questions those in attendance may have. Each forum must allow the public to practice cumulative voting. Each forum shall be noticed in English in the local English-language newspapers and in Spanish in the local Spanish-language newspapers at least seven (7) days prior, and each notice shall indicate which forum will be conducted in English and which in Spanish. The notices shall also be posted in libraries, public assistance agencies, village offices, senior centers, civic centers and other public places, and Defendants shall use best efforts to post them in post offices and churches. Defendants shall also send notices to local radio and cable television stations.

     7.    Defendants shall mail a bilingual sample ballot with detailed bilingual instructions concerning the cumulative voting process at least ten (10) days prior to the start of early voting to every person who is a registered voter as of the fifteenth (15th) day prior to the start of early voting. Two (2) days after voter registration closes, Defendants shall mail a bilingual sample ballot with detailed bilingual instructions concerning the cumulative voting process to any person who registers to vote between the fifteenth day prior to the start of early voting and close of registration. Both of these mailings shall include the dates of early voting and the date of the election.

12

8.      Defendants shall request the Port Chester-Rye Union Free School District Board of Education to permit a letter to be sent home with each student who attends school in the Village of Port Chester regarding the cumulative voting process and the registration process no later than forty-five (45) days prior to the start of early voting. The letter will be in English and Spanish stating how to register to vote, the last day to register to vote in order to participate in the municipal election, the dates of early voting, where early voting will occur, and the date of the election. The letter shall also include detailed instructions concerning the cumulative voting process.

9.      Defendants shall cause to be published in English in a local English-language newspaper and in Spanish in a local Spanish-language newspaper, an article explaining the cumulative voting process with an accompanying sample ballot and instructions prior to the start of early voting. The article will also give notice of the dates of early voting and the date of the election.

10.     Defendants shall cause to be aired, five (5) commercials weekly, for the four (4) weeks leading up to early voting and during early voting, on a local Spanish-language television channel an informational segment in Spanish explaining the cumulative voting process, providing the dates of early voting, where early voting will occur, the date of the election, and how a voter can determine the polling place where he or she will vote on election day.

11.     Defendants shall cause to be aired, five (5) radio advertisements weekly for the four (4) weeks leading up to early voting and during early voting, on a local Spanish-language radio station, an informational segment in Spanish explaining the cumulative voting process, providing the dates of early voting, where early voting will occur, the date of the election, and

13

how a voter can determine the polling place where he or she will vote on election day.

12.     Defendants, through the Coordinator, shall make bilingual persons who are knowledgeable about the cumulative voting process available to meet with different Hispanic organizations to meet with such organizations and explain the cumulative voting process.   The Coordinator shall reach out to the Hispanic organizations and inform them of this availability.

13.     Defendants shall post a bilingual sample ballot with detailed instructions concerning the cumulative voting process in libraries, public assistance agencies, village offices, senior centers, civic centers and other public places located within the Village of Port Chester, and Defendants shall use best efforts to post them in post offices and churches at least fifteen (15) days prior to the start of early voting.

14.     Defendants shall make available an informational brochure in English and Spanish that describes the entire cumulative voting process in detail and provides the dates and location of early voting and the date of the election.   The brochure shall include an image of a ballot with the same style of design, as agreed by the parties pursuant to paragraph 4 of the Decree, and instructions on how to complete such a sample ballot.   The brochure shall be made available to the public no later than February 22, 2010 in libraries, public assistance agencies, village offices, senior centers, civic centers and other public places located within the Village of Port Chester, and Defendants shall use best efforts to make the brochure available in post offices and churches.   For subsequent elections, the brochure must be available ninety (90) days prior to the date of the election.

15.     Defendants shall prominently post a bilingual sample ballot with detailed instructions concerning the cumulative voting process at each polling place on election day.

14

Each voting booth shall contain instructions in English and Spanish explaining the cumulative voting process.

16.    Defendants shall hold at least two (2) general public forums concerning the candidate qualifying process, which may be held in conjunction with the voter information sessions described in paragraphs 5 and 6.   One forum shall be held no later than seventy (70) days prior to election day.   The second forum shall be held no sooner than fifty-six (56) and no later than fifty (50) days prior to election day.   The forums shall be noticed in English in the local English-language newspapers and in Spanish in the Spanish-language newspapers at least seven (7) days prior to the forums.   Bilingual notices shall also be posted in libraries, public assistance agencies, village offices, senior centers, civic centers and other public places located within the Village of Port Chester, and Defendants shall use best efforts to make the notices available in post offices and churches.   Defendants shall also send notices to local radio and cable television stations.   At least one forum shall be held in meeting places regularly attended by the Hispanic community, i.e., predominately Hispanic churches, civic organizations, etc.   A translator shall be present at each forum, the presence and availability of such a translator will be announced at the beginning of the forum, and the translator shall provide translation in Spanish for any person requesting it.   The entire candidate qualifying process shall be described in detail at each forum, including but not limited to, the process, timing, and substantive requirements for qualification as an independent candidate for village elections.

17.    For each forum held pursuant to paragraphs 5 through 16, Defendants shall provide the registration material required to be translated into Spanish pursuant to paragraph 18.

## III.   Translation of Election-Related Materials

15

18.     Defendants shall ensure that all information that is provided by the Village in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the election process. including ballots," 42 U.S.C. § 1973aa-1a(c), shall also be provided in Spanish.   Defendants shall ensure that both English and Spanish language election information, materials, and announcements provided by the Village are made equally available.

19.     Defendants shall utilize trained translators who are familiar with Spanish-language election terminology to produce all written translations, clearly, and accurately. Defendants shall provide effective translations that meet the needs of the Hispanic community in the Village. Written translations shall be in the form of Spanish that is used most widely by the Village's voting-age Limited English Proficient Hispanic citizens.   The parties recognize the value in having uniform translation and terminology of materials.

20.     Defendants shall adopt a checklist identifying each Spanish-language and bilingual material they make available to the public at each polling place.   The checklist shall include with respect to each item an attestation that these Spanish-language materials were posted or made available to voters at all polling places, or a detailed written explanation of why individual items had not been posted or were not available.   The Defendants will instruct the inspectors that each polling place must complete and sign the checklist before the inspector receives payment for work in the election.   Defendants shall maintain a record of each such failure to complete and sign the checklist.

21.     Defendants shall provide copies of a Spanish translation of the relevant portion (as it pertains to Port Chester's Trustee elections) of the "Calendar of Dates for Village Elections"

16

from the New York State Conference of Mayors, to any person who requests a copy, at the general public forums concerning candidate qualifying set forth in paragraph 16.

## IV. Spanish-Language Assistance

22. Defendants shall provide Spanish-language assistance, including but not limited to trained bilingual (Spanish/English) election personnel, at all locations where election-related transactions are conducted by the Village. Such election personnel will be required to be physically present at all locations as designated in paragraph 24 below. The bilingual election personnel shall be made available to answer voting-related questions by telephone without cost while the polls are open on election days. Defendants shall ensure that a working telephone is available for voter use without cost to the voter.

23. Defendants shall recruit, hire, and assign trained bilingual poll officials who are able to understand, speak, read, and write Spanish fluently to provide assistance to Spanish-speaking voters at the polls on election days for Village administered elections. These poll officials are also required to be fluent in English.

24. Defendants shall ensure for all Village administered elections that:

 a. Any election precinct in which there are more than 50 registered voters with Spanish surnames shall be staffed by at least two bilingual poll officials (preferably one Democratic and one Republican poll official);

 b. Any election precinct in which there are more than 250 registered voters with Spanish surnames shall be staffed by at least three bilingual election poll officials;

 c. Each early voting location shall be staffed at all times by at least one

17

bilingual election poll official; and

d.     Defendants shall utilize five (5) bilingual personnel, trained in Spanish
language election terminology, who shall be on call and available to travel to a
precinct, insufficiently staffed by bilingual poll officials as required under
Paragraph 24(a)-(b) above.

e.     For each election district, the Village shall designate at least one poll
official whose responsibility shall be to offer to explain the cumulative voting
process either prior to or immediately after the voter has signed the poll
book.  The poll official shall offer the voter the opportunity to hear the
explanation in English or Spanish.

25     Defendants shall ensure that signs in both English and Spanish will be posted
prominently at polling places stating that Spanish-language assistance is available.

## V.     Training of Election Officials

26.     Prior to each Village election, in addition to any required state or county training,
the Defendants shall provide training to all poll officials and other election personnel present at
the polls or early voting locations.  Poll officials should receive written notice that the training is
mandatory, and that each poll official will be paid at least $10 for attending the training.  The
training should include at least the following:

a.     The cumulative voting process;

b.     The provisions of Section 203 of the Voting Rights Act, including the
legal obligation and means to make Spanish language assistance and materials
available to voters; and

18

c.    The requirement that poll officials be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities and to avoid inappropriate comments; and

d.    The provisions of Section 208 of the Voting Rights Act, including the legal obligation to allow anyone to assist the voter at the polls, other than the voter's employer or agent of that employer or officer or agent of the voter's union.

27.    In addition to the general training for poll officials, the Village shall provide training to all bilingual poll officials on Spanish language election terminology, voting instructions, and other election-related issues, including all instructions concerning the cumulative voting process.

28.    The Village shall maintain a record of which poll officials attend training sessions, including the time, location, and training personnel involved. The Village shall allow representatives of the United States and Plaintiff-Intervenor to attend any training provided pursuant to this Decree.

## VI.    Retention of Documents and Reporting Requirements

29.    During the duration of this Decree, at least seven (7) days before each Village administered election held in Port Chester, Defendants shall provide to counsel for the United States and Plaintiff-Intervenor:

(a)    the name, address, and precinct designation of each polling place;

(b)    the name and title of each poll official appointed and assigned to serve at each polling place and early voting location, as of the date the materials are sent;

(c)    a designation of whether each poll official is bilingual in English and

19

Spanish;

(d)     an electronic copy of the voter registration list to be used in such elections

as of the date the materials are sent;

(e)     copies of any signs or other written information provided at polling places.

This information shall be sent by express mail or electronically to the following address:

Voting Section
United States Department of Justice
Civil Rights Division
1800 G Street, N.W., Room NWB-7254
Washington, D.C.   20006
Facsimile: (202) 307-3961
Email: timothy.f.mellett@crt.usdoj.gov

Chief, Civil Rights Unit
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Facsimile: (212) 637-0033
Email: david.kennedy2@usdoj.gov

Randolph McLaughlin
Counsel for Plaintiff-Intervenor
78 North Broadway
White Plains, N.Y. 10603
Facsimile: (914) 422-4171
Email: rmmc69@aol.com

30.     For the five months prior to election day for each election during the term of the

Decree, the Coordinator shall complete a Monthly Coordinator Report, detailing his or her

activities under the VEP and provide a copy to the Village Clerk not later than the end of the first

week following such month.   Port Chester shall submit a copy of the completed Monthly

Coordinator Reports to counsel for the United States and Plaintiff-Intervenor by the end of the

20

second week following such month.

31.     After each election, Port Chester shall prepare a report detailing, by VEP paragraph, the specific efforts made by the Village to comply with each provision of the VEP. Port Chester may incorporate by reference any information already supplied in the Monthly Coordinator Reports.   The report should include the results and methodology of any exit polling (see Exhibit A) conducted on election day.   The Village shall submit the report to counsel for the United States and Plaintiff-Intervenor not later than thirty (30) days after the election.

## VII.   **Standard of Compliance**

32.     Defendants intend to comply with every aspect of the VEP to the last detail. However, discrete and inadvertent departures from technical requirements of the VEP during the term of the Decree shall not be presumed to justify extension of its term or other court sanctions, as long as the record shows substantial compliance with its terms based on sustained good faith implementation by Defendants.

21

**Exhibit A**          **Assessment of Cumulative Voting Program**

1.      Defendants, upon receipt of complaints by voters, whether oral or written, shall
investigate expeditiously any allegations of poll official hostility toward any voter, including
Spanish-speaking and/or Hispanic voters, in any election conducted by the Village of Port
Chester. The results of the investigation(s) conducted by the Defendants shall be reported to the
United States and Plaintiff-Intervenor within thirty (30) days. Where there is credible evidence
that poll officials have engaged in inappropriate treatment of any voters, including Spanish-
speaking or Hispanic voters, Defendants shall make those poll officials ineligible to work in
future Village elections.

2.      The parties recognize that regular and ongoing reassessment may be necessary to
provide the most effective and efficient Spanish language program. Defendants shall evaluate
the Spanish language election program after each election to determine which aspects of the
program are functioning well; whether any aspects need improvement; and how to effect needed
improvements. The program may be adjusted at any time and submitted as required under
Section 3(c).

3.      After the June 15, 2010 election, the Defendants shall establish an Advisory
Group, not to exceed six members, to be chaired by the Coordinator, to assess the effectiveness
of the VEP. The Coordinator shall invite participation from all interested individuals and
organizations that work with or serve the Spanish-speaking community in Port Chester, to
determine whether any improvements in bilingual dissemination or training concerning
cumulative voting need to be made. Within five (5) business days following each meeting, the
Coordinator shall provide a written summary to all members and to the Village Board and Clerk

of the discussion and any recommendations that the Advisory Group may have.

    4.      Defendants shall contract with an individual or organization to conduct exit polling after the June 15, 2010 election. Exit polling should be conducted for some portion of the day at each election district.